UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

BINDING RULE 38 (b) JURY TRIAL REQUESTED

LATIFA TAYLOR,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

**COMES NOW**, the Plaintiff, LATIFA TAYLOR, by and through the undersigned counsel, sues the Defendant, THE UNITED STATES OF AMERICA, and in support thereof, would allege as follows:

### JURISDICTION & VENUE

1. This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. § 1391(e)(1), because the United States is a defendant, all relevant acts and omissions at the center

1

of this action occurred in Miami-Dade County, Florida, and because Plaintiff was and is a resident of Miami-Dade County, Florida.

## NATURE OF THE ACTION

3. This is a personal injury negligence action against The United States of America for money damages as compensation for loss of property and for personal injuries that were caused by the negligent and wrongful acts and omissions of an employee/agent of the United States Government while said employee/agent was acting within the scope of his office and employment, to wit: on September 16, 2013, a United States Government employee negligently operated a motor vehicle owned by, and registered to, the United States Government, so as to cause said motor vehicle to collide with great force into the left front fender of the Plaintiff's motor vehicle thus causing property damage and great physical and psychological injuries to Plaintiff.

## PARTIES

4. At all times material herein the Plaintiff, L A T I F A  T A Y L O R, was and is a resident of Miami-Dade County, Florida, and is thus a resident of the Southern District of Florida, is over eighteen years of age, and is otherwise *sui juris*.

5. At all relevant times, the Defendant, the United States of America, acted through its employee of the United States Postal Service (hereinafter referred to as "USPS").

## STATUTORY BASIS OF LIABILITY
## AGAINST THE UNITED STATES OF AMERICA

2

6. The claims herein are brought against the United States pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. §§ 1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of an employee/agent of the United States Government while acting within the scope of his office and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Florida.

7. Pursuant to 28 U.S.C. § 2675 of the Federal Tort Claims Act this claim was properly and timely presented to the appropriate agency of the United States of America, the USPS, on or about March 24, 2015 and then again on February 8, 2016 as no response was given by the USPS. On May 16, 2016, the USPS formally denied Plaintiff's claim in writing. See Plaintiff's Exhibit 1 attached hereto.

## FIRST CAUSE OF ACTION - NEGLIGENCE

8. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

9. On September 16, 2013, the Plaintiff was driving a motor vehicle northbound on North East 1st Avenue in Miami, Florida. The Plaintiff approached the intersection of North East 1st Avenue and North East 14th and stopped at the stop sign, looked both ways and then proceeded forward. Suddenly and without warning, a USPS employee/agent, name unknown at this time, ran through a stop sign and violently collided into left front fender portion of Plaintiff's vehicle.

10. As a direct, foreseeable and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff was seriously injured and has been caused to suffer from

3

the date of the motor vehicle incident at issue, through the present. and will in the future endure great pain and anguish. Plaintiff was injured in and about her body and extremities; incurred pain; suffering and mental anguish; suffered physical handicap; incurred loss of capacity for the enjoyment of a normal life; and sustained permanent injuries within a reasonable degree of medical probability and/or permanent loss of a bodily function.

11. That as a further, direct, foreseeable and proximate result of the negligence of the Defendant as aforesaid, the Plaintiff has in the pass undergone, and will in the future undergo, painful and extensive medical care and treatment and has incurred, and will continue to incur, various medical expenses related to her injuries as aforesaid.

12. That as a further, direct, foreseeable and proximate result of the negligence of the Defendant, the Plaintiff has in the past sustained loss of earnings and will in the future sustain loss of earning capacity.

13. The Defendant, by and through its USPS employee/agent, failed to drive in a careful and prudent manner, having disregard for the width, grade, curves, corners, traffic, and all other attendant circumstances, so as not to endanger the life, limb, or property of any person, namely the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant on all causes of action as follows:

a. For general, economic and non-economic damages according to proof;
b. For special damages according to proof;
c. For personal property damages according to proof;

4

d. For pre-judgment and post-judgment interests if/as permitted by law;

e. For costs of suit incurred herein; and

f. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL

The Plaintiff, LATIFA TAYLOR, demands a trial of all issues so triable.

DATED this 15th day of September, 2016.

        TISON LAW FIRM, P.A.
        Attorneys for Plaintiff
        2933 W. Cypress Creek Road, Suite 201
        Fort Lauderdale, FL 33309
        (954) 278-3290
        (954) 278-3291 Facsimile

        /s/ Devin P. Tison, Esq.
        _____
        DEVIN P. TISON, ESQUIRE
        Florida Bar No. 95225
        Service@myflattorney.com

LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES POSTAL SERVICE**

---

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

May 16, 2016

Devin Tison
Attorney at Law
10235 W. Sample Road, Suite 207
Coral Springs, FL 33065

RE:  Your Client:       Latifa Taylor
     Date of Incident:  September 16, 2013

Dear Mr. Tison:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about September 16, 2013.

Pursuant to 28 U.S.C. §2401(b), the statute of limitations period for an action brought pursuant to the Federal Tort Claims Act is two years. This claim was received by the Postal Service on February 12, 2016. Accordingly, we have no authority to consider this claim, as it was filed beyond the time period established by statute, therefore, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing

GENERAL LAW SERVICE CENTER
UNITED STATES POSTAL SERVICE
1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
MAIN TELEPHONE NO.: 314/345-5820
FAX NO.: 314/345-5893

*Plaintiff's Exhibit "A"*

- 2 -

in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Ann Mandernach*

Ann E. Mandernach
Tort Claims Examiner/Adjudicator
314/345-5847

cc:   Walt Dobson - Tort Claims Coordinator
      Case No. 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